BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>APPROXIMATELY $17,020.00 IN U.S. CURRENCY,<br><br>　　　　　Defendant. | Case No. 1:15-CV-01057-BAM<br><br>**FINAL JUDGMENT OF FORFEITURE** |

　　　Pursuant to the Stipulation for Final Judgment of Forfeiture filed herewith, the Court finds:

　　　1.  This is a civil forfeiture action against Approximately $17,020.00 in U.S. Currency (hereafter "defendant currency").

　　　2.  A Verified Complaint for Forfeiture *In Rem* was filed on July 9, 2015, alleging that said defendant currency is subject to forfeiture to the United States of America pursuant to 21 U.S.C. §881(a)(6).

　　　3.  On July 14, 2015, the Clerk of the Court issued a Warrant for Arrest for the defendant currency. The warrant for the defendant currency was duly executed on July 15, 2015.

　　　4.  Beginning on July 15, 2015, for at least 30 consecutive days, the United States

1

published notice of this action on the official government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed with the Court on October 2, 2015.

  5. In addition to public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

    a. Raymond Rashaud Cox

    b. Sabrina Johnson

    c. Miles A. Harris, Esq.

  6. Claimant Raymond Rashaud Cox states that he is the sole owner of the Defendant Currency and has authority to enter into this agreement.

  7. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

  Based on the above findings, and the files and records of the Court, it is hereby

  ORDERED AND ADJUDGED:

  1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

  2. That judgment is hereby entered against Claimant Raymond Rashaud Cox and all other potential claimants who have not filed claims in this action.

  3. Upon entry of a Final Judgment of Forfeiture herein, $8,520.00 in U.S. Currency of the Defendant Currency, together with any interest that may have accrued on the full amount of the Defendant Currency, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

  4. Upon entry of a Final Judgment of Forfeiture herein, but not later than 60 days after the Court issued the Final Judgment of Forfeiture or 60 days after Claimant has provided the necessary electronic funds transfer paperwork–whichever is later, $8,500.00 of the Defendant Currency, shall be returned to Claimant Raymond Rashaud Cox via his counsel of record, Miles A. Harris, Esq.

  5. Plaintiff United States of America and its servants, agents, and employees, and all other Public entities, their servants, agents, and employees, are released from any and

all liability, arising out of or in any way connected with the seizure, arrest, or forfeiture of the Defendant Currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed.  Claimant has waived the provisions of California Civil Code § 1542.

6. Pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on or about July 9, 2015, the Court finds that there was reasonable cause for the seizure and arrest of the defendant currency, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

7. Pursuant to the Stipulation for Final Judgment of Forfeiture entered into between the parties, no  party "substantially prevailed" within the meaning of 28 U.S.C. § 2465.  All parties shall bear their own costs and attorney's fees.

8. The Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

**CERTIFICATE OF REASONABLE CAUSE**

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed July 9, 2015, and the Stipulation for Final Judgment of Forfeiture filed herewith, this Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure or arrest of the Defendant Currency, and for the commencement and prosecution of this forfeiture.

IT IS SO ORDERED.

Dated:   **February 22, 2016**        /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE